IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 07-00615 SOM |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANTS' |
| vs. ) | MOTIONS FOR CHANGE OF VENUE |
| ) | |
| BENJAMIN ACUNA, (1) ) | |
| ANABEL VALENZUELA, (2) ) | |
| EDDY OLGUIN, (3) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING DEFENDANTS' MOTIONS FOR CHANGE OF VENUE

I.      INTRODUCTION.

Defendants Benjamin Acuna, Anabel Valenzuela, and Eddy Olguin, (collectively, "Defendants") are charged with one count of conspiracy to distribute and possess, with intent to distribute, fifty grams or more of methamphetamine in violation of U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Acuna and Valenzuela are also charged with one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), and 1956(h).  In relation to these two charges, Acuna and Valenzuela have also been charged with two counts of criminal forfeiture.

Defendants have each individually moved for change of venue to the District of Nevada pursuant to the United States Constitution and the Federal Rules of Criminal Procedure. Defendants have been charged with conspiracies that allegedly involved acts occurring in and affecting the District of Hawaii.

No statute, court rule, or circumstance causes this court to conclude that venue should be transferred.  Defendants' motions for change of venue are denied.

II.     BACKGROUND FACTS.

On September 13, 2005, a cooperating defendant advised Drug Enforcement Administration ("DEA") agents in Honolulu about his source of supply of methamphetamine.  United States' Motion to Admit 404(b) Evidence, Feb. 6, 2008, ("Doc. No. 104") at 1-2. After numerous arrests and information provided by the arrestees, DEA agents learned that Charles Ranney, who had lived in both Hawaii and Las Vegas, Nevada, during the relevant time period, had allegedly provided the methamphetamine that was being sold in various locations on the island of Oahu.  See id. at 2-5.  After the methamphetamine was sold in Hawaii, the proceeds from the sales were reportedly directed back to Ranney in Las Vegas.  Id. at 6.

On September 16, 2005, Ranney was arrested in Las Vegas.  Id.  Ranney identified one of his sources of methamphetamine as Acuna, who also resided in Las Vegas.  See id. at 7-8.  Ranney said that Acuna, Acuna's wife Valenzuela, and Olguin had transported methamphetamine and cocaine from Mexico to Las Vegas, often wrapping the drugs in plastic wrap and coating the wrap with Vaseline or oil to avoid detection.  Id. at 9. Ranney said he received methamphetamine from the three Defendants

either at his own home in Las Vegas, or at the residence of Sheri Bulacan. Ranney claims that he and others who had sold methamphetamine in Hawaii sent the proceeds from the drug sales in Hawaii to Acuna, Olguin, and Valenzuela. Id. at 8-9.

Ranney further explained that Valenzuela owned a clothing store called "Seventeen Again," while Acuna and Olguin owned a cellular phone business called "Sin City Wireless." Both businesses were located in Las Vegas. Ranney called the stores "fronts" used to hide the income being derived from drug sales. See id. at 8-9. Ranney also claimed that Valenzuela worked as a realtor, and that Ranney purchased real property from Valenzuela to help hide the income he received from selling methamphetamine. Id. at 8.

Bulacan, who allegedly distributed methamphetamine to individuals in Hawaii, also worked directly with Defendants. Id. at 18-20. According to Bulacan, she purchased methamphetamine from Acuna and Valenzuela and shipped some of the drugs to Hawaii to be sold. Bulacan claims that she paid Acuna and Valenzuela the proceeds from the drug sales, either in person or by mailing the money to Seventeen Again. Id. at 20-21. Bulacan says that Olguin and Ranney ran the daily operations of the drug trafficking organization. Id. at 21.

The DEA investigation ultimately led to the indictment of nineteen individuals, fourteen of whom have already pled

guilty or been convicted at trial in the District of Hawaii. Id. at 23; see also United States' Response and Opposition to Change of Venue, April 8, 2008, ("Opp'n") at 6.

On November 14, 2007, a grand jury returned a four-count Indictment, which charges seven individuals, including Defendants, with conspiring to distribute and possess, with intent to distribute, fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The Indictment also charges Acuna and Valenzuela with conspiring to launder the proceeds from the methamphetamine distribution, in violation of U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).

Currently before the court are Valenzuela's, Acuna's, and Olguin's motions for change of venue. Four other Defendants charged in the Indictment have not moved for change of venue.

III.   LEGAL STANDARD.

The Government bears the burden of proving venue by a preponderance of the evidence. United States v. Jones, 231 F.3d 508, 516 (9th Cir. 2000). The Government need not meet its burden with "direct proof," so long as "circumstantial evidence in the record as a whole supports the inference that the crime was committed in the district where venue was laid." United States v. Childs, 5 F.3d 1328, 1332 (9th Cir. 1993) (internal quotations omitted). "When a defendant is charged in more than

one count, venue must be proper with respect to each count." United States v. Corona, 34 F.3d 876, 879 (9th Cir. 1994).

IV.     ANALYSIS.

Defendants argue that change of venue to the District of Nevada is required because there is no allegation or claim that Defendants committed any of the alleged offenses outside of the State of Nevada. Defendants also argue that transfer of venue should be granted in the "interests of justice" pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.

The court is unpersuaded by these arguments and denies Defendants' motions.

A.     Venue is Proper in the District of Hawaii.

The United State Constitution provides that the venue for a criminal trial shall be in the state and district where the offense was committed. See U.S. Const. art. III, § 2, cl. 3; id. amend. VI. There are similar provisions in the venue statute and the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3232; Fed. R. Crim. P. 18.

When a crime occurs in more than one district, or is completed in a district other than the one where it began, the Government has the option of prosecuting that crime in any district in which the criminal activity took place. 18 U.S.C. § 3237(a). The same statute provides that "[a]ny offense involving the use of the mails, [or] transportation in interstate

or foreign commerce" may be "prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." Id.

### 1. Conspiracy.

Under § 3237(a), a conspiracy "may be prosecuted in any district in which such offense was begun, continued, or was completed." United States v. Ahumada-Avalos, 875 F.2d 681, 682 (9th Cir. 1989).

Apart from the statute, the Supreme Court long ago held that venue for a conspiracy case was proper wherever an overt act in furtherance of the conspiracy was performed. Hyde v. United States, 225 U.S. 347, 367 (1912). The Ninth Circuit has consistently reaffirmed this principle, holding that "[v]enue for a conspiracy charge is appropriate in any district where an overt act committed in the course of the conspiracy occurred. It is not necessary that [the defendant] himself have entered or otherwise committed an overt act within the district, as long as one of his coconspirators did." United States v. Antonakeas, 255 F.3d 714, 726 (9th Cir. 2000) (quoting United States v. Angotti, 105 F.3d 539, 545 (9th Cir. 1997)) (alteration in original); see also United States v. Meyers, 847 F.2d 1408, 1411 (9th Cir. 1988); United States v. Barnard, 490 F. 2d 907, 910 (9th Cir. 1973).

The Ninth Circuit has applied this principle both to a conspiracy to distribute and possess with intent to distribute illegal substances and to a conspiracy to commit money laundering.  In <u>Antonakeas</u>, the defendant was charged with conspiring to possess with intent to distribute cocaine.  The defendant, a California resident, supplied cocaine to a co-conspirator in Hawaii.  The court concluded that venue for the conspiracy charge was proper in the District of Hawaii because the drugs were sold in Hawaii.  <u>Antonakeas</u>, 255 F.3d at 726-27.  Similarly, in <u>Angotti</u>, the defendant, who had been charged with conspiracy to commit money laundering, had a co-conspirator who created a false deposit slip and faxed it from the Central District of California.  <u>Angotti</u>, 105 F.3d at 545  The court concluded that venue was proper in the Central District of California for the conspiracy charge, even though the defendant himself had not committed any of the alleged offenses there.

Here, Defendants have been charged with conspiring to distribute and possess, with intent to distribute, in excess of fifty grams of methamphetamine, as well as conspiring to commit money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h), respectively.  Defendants do not dispute that co-conspirators committed overt acts in Hawaii as part of the conspiracy.  Specifically, methamphetamine allegedly supplied by Defendants was sold in Hawaii, and funds ultimately used in the

alleged money laundering conspiracy were procured in Hawaii. For the purposes of establishing venue on a conspiracy charge, it is of no import that Defendants themselves never committed any overt acts in Hawaii, so long as their co-conspirators did. Accordingly, venue for the conspiracy charges is clearly proper in the District of Hawaii.

2.   Criminal Forfeiture.

Counts Two and Four of the Indictment, which seek criminal forfeiture, are based on the underlying offenses charged in Counts One and Three. Because the court has already determined that venue for Counts One and Three is proper in the District of Hawaii, venue for the criminal forfeiture counts is similarly proper. Defendants have not indicated whether there will be third-party interests in the property at issue and, even if there are, Defendants have not explained why their interests would require transfer of venue.

B.   Rule 21(b) of the Federal Rules of Criminal Procedure Does Not Warrant Transfer of Venue.

Rule 21(b) of the Federal Rules of Criminal Procedure provides that: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Crim. P. 21(b).

Defendants urge the court to transfer this case "in the interests of justice" based on a consideration of the following:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect transfer.

Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 243-44 (1964).

The Government correctly points out that the factors outlined in Platt dealt with a corporate defendant. But even if those factors apply here, transfer to the District of Nevada is not warranted.

This case involves both an alleged money laundering scheme and an alleged drug trafficking scheme. The drugs were allegedly sold primarily in the District of Hawaii, and these drug sales allegedly provided the funds that were the subject of the money laundering scheme. The Government's prosecution began in August 2005 and has resulted in the indictment of nineteen individuals, fourteen of whom have either pled guilty or been convicted at trial, all in the District of Hawaii. Opp'n at 6; see also Doc. No. 104 at 23. The majority of the Government's substantive witnesses are located in the District of Hawaii, and

at least six of these witnesses are currently in custody. Further, some of the seven Defendants charged in the Indictment declined to seek a change in venue.  Opp'n at 5-6.

Movants argue that, with regard to the money laundering scheme and the criminal forfeiture counts, potential witnesses, business records, and the real property at issue are primarily located in Las Vegas.  Nevertheless, the money laundering scheme is only one of the counts that Defendants have been charged with, and the considerations they raise are insufficient to outweigh the costs and burdens that would be incurred by the Government in having to relocate a case that has been prosecuted in this district since August 2005.  Rule 21(b) of the Federal Rules of Criminal Procedure does not warrant transfer of venue.

V.      CONCLUSION.

For the foregoing reasons, Defendants' motions for change of venue are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Acuna, et. al.**, CR. No.07-00615 SOM; ORDER DENYING DEFENDANTS' MOTIONS FOR CHANGE OF VENUE.