IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 07-00615 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING BENJAMIN ACUNA'S |
| vs. | ) | MOTION TO RECONSIDER ACUNA'S |
| | ) | MOTION FOR CHANGE OF VENUE |
| BENJAMIN ACUNA,   (1) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING BENJAMIN ACUNA'S MOTION FOR RECONSIDERATION.

I.      INTRODUCTION AND BACKGROUND FACTS.

     This court previously denied Defendant Benjamin Acuna's motion for change of venue. See Order Denying Defendants' Motions for Change of Venue (April 11, 2008). Acuna now moves for reconsideration of that motion, based on the recent guilty pleas by certain co-defendants. Acuna argues that transfer to the District of Nevada is warranted because all the remaining co-defendants are from Las Vegas, Nevada, and because Acuna's alleged overt acts committed in furtherance of the conspiracy occurred in Las Vegas. The court concludes that transfer of venue is not warranted. Acuna's motion for reconsideration is denied.

     The factual background of this case was summarized in this court's previous order. See id. at 2-4. Those facts are incorporated into this order.

II.     LEGAL STANDARD.

Rule 21(b) of the Federal Rules of Criminal Procedure provides for transfer of a trial based on the convenience of the parties: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."  Fed. R. Crim. P. 21(b).

The granting of such a motion rests wholly within the discretion of the trial court.  See United States v. Testa, 548 F.2d 847, 856 (9th Cir. 1977).

III.    ANALYSIS.

Acuna argues that venue should be transferred based on the "location of the defendants and witnesses, the location of the events in issue in the case, and the location of pertinent documents and records."  Motion to Reconsider Defendant Benjamin Acuna's Motion for Change of Venue (July 11, 2008) ("Motion") at 2.  Acuna is also concerned that the remaining defendants will be unable to get a "jury of their peers where the Hispanic population in Hawaii is almost non-existent when compared with that in Las Vegas."  Id.  The court disagrees with both points.

As an initial matter, this court notes that venue is proper in the District of Hawaii because Acuna has been charged with conspiracy, and venue is appropriate in any district where an overt act committed in furtherance of that conspiracy took

place.  See 18 U.S.C. § 3237(a); United States v. Ahumada-Avalos, 875 F.2d 681, 682 (9th Cir. 1989).  Thus, the only issue is whether this court, in its discretion, should transfer venue for the convenience of the parties.  Fed. R. Crim. P. 21(b).

The Ninth Circuit has considered a situation similar to the one before the court in Testa, 548 F.2d 847.  In Testa, the appellant, Edward Epstein, was convicted of conspiracy with intent to distribute heroin.  Epstein appealed his conviction, arguing that the trial court improperly denied his motion for change of venue, and that the trial should have taken place in the Central District of California rather than the District of Hawaii.  Six of Epstein's co-defendants, some of whom were Hawaii residents, pleaded guilty before trial.  Epstein and the remaining co-defendant were residents of California, and the overt acts they committed in furtherance of the conspiracy were committed in California and Nevada.  Epstein argued that he had been deprived of due process and a right to a fair trial because "the costs of traveling to Hawaii and living there precluded him from producing witnesses from Los Angeles on his behalf, and the government would not have been inconvenienced by the change of venue."  Id. at 856.

The Ninth Circuit disagreed.  Looking to Rule 21(b) of the Federal Rules of Criminal Procedure, the court first noted that "determination of a Rule 21(b) motion involves the sound

discretion of the trial court." Id.  The Ninth Circuit concluded that Epstein did not demonstrate a need for a transfer because he did not provide specific examples of how his location precluded him from contacting witnesses, or indicate the nature of the testimony he anticipated from the alleged witnesses.  See also United States v. Daewoo Industrial Co., Ltd., 591 F. Supp. 157, 160 (D. Or. 1984) ("The Ninth Circuit has required more than a bald statement of numbers and general location of witnesses in the cases where the issue of witness convenience is addressed."). Further, Epstein failed to consider the burden that a change of venue would have on the Government: "While Rule 21(b) contemplates minimization of inconvenience to the defense, it has been recognized that some degree of inconvenience is inevitable, and that the government's inconvenience must be considered as well." Id. at 857.  See also United States v. Ghilarducci, 220 Fed. Appx. 496, 504 (9th Cir. 2007) (affirming the district court's denial of the defendant's motion for change of venue from California to Illinois, and noting that the Government had an interest in trying the case in California because the acts of mail fraud occurred in California and the witnesses were in California).  The Ninth Circuit concluded that the district court did not abuse its discretion in denying Epstein's motion for change of venue.

Similarly, in United States v. Schoor, 597 F.2d 1303 (9th Cir. 1979), the Ninth Circuit concluded that the defendant, charged with conspiracy to import heroin into the United States and to possess and distribute heroin, was properly tried in the Northern District of California even if it would have been more convenient for him to be tried in New York or Miami. The defendant was arrested in San Francisco, while catching a connecting flight to Miami. He planned to pick up heroin in Miami, where he kept the bulk of his business records. He argued that venue should have been transferred to New York or Miami because the majority of his character witnesses would have come from New York or Miami, and because his business records were in Miami. Id. at 1307-08. The Ninth Circuit affirmed the district court's denial of the defendant's motion to transfer venue, noting that the defendant failed to consider the convenience of the Government, which weighed in favor of trial in San Francisco. The Ninth Circuit also noted that the defendant did not demonstrate how his business records would have refuted the government's case, or why the defendant was unable to get his business records for trial. Id. at 1308.

Acuna's arguments are similar to the arguments rejected by the Ninth Circuit in Testa and Schoor. Acuna lists the location of the defendants, witnesses, events, and documents as supporting transfer to the District of Nevada. The mere listing

of such considerations, without more, does not show that venue should be transferred.  See Testa, 548 F.2d at 857.  Acuna does not specify which witnesses may be precluded from testifying because of the location of the trial, or the nature of their testimony.  Nor does Acuna claim that he is unable to retrieve "pertinent documents" because of the location of the trial.  It may be that being in custody makes it difficult to get documents, but he may be in custody even if venue is transferred.

Although Acuna contends that the "cost to the taxpayer will . . . be aggravated by a trial in Hawaii," the Government disagrees, citing to the current location of Government witnesses and the prosecuting attorneys.  Motion at 2; United States' Response and Opposition to Acuna's Motion to Reconsider His Motion for Change of Venue (July 16, 2008) ("Opp'n") at 3.  The trial of this case is scheduled to begin in a few weeks.  All the prosecuting attorneys and approximately sixteen of the Government witnesses are currently located in Hawaii.  Of these sixteen, eight are cooperating defendants currently in custody at the Federal Detention Center in Honolulu.  The investigation of this case, which began in August 2005, has resulted in the indictment of twenty-two individuals, eighteen of whom have either pled guilty or been convicted at trial, all in the District of Hawaii.  See id. at 2-3.  Even if the cost of trial will be greater in Hawaii than in Nevada, consideration of cost alone does not

warrant transfer of venue.  See Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 243-44 (1964) (listing ten factors to consider for determining whether venue should be transferred, only one of which addresses costs).

Acuna also questions whether "remaining defendants can get a jury of their peers where the Hispanic population in Hawaii is almost non-existent when compared with that in Las Vegas." Motion at 2.  Acuna's right to have a jury of his peers does not translate into a right to have a jury or even the jury pool composed of members with his racial background.  The Constitution only prohibits the State from purposefully excluding jury members belonging to a certain racial group, see Castaneda v. Partida, 430 U.S. 482, 493 (1977), and a defendant does not have a "right to demand that members of his race be included" in the jury. Alexander v. Louisiana, 405 U.S. 625, 628 (1972).  Here, there is no allegation or evidence of purposeful exclusion by the Government of Hispanic jury members.

In United States v. Granillo, 288 F.3d 1071 (8th Cir. 2002), the defendant argued that the district court had abused its discretion by denying his motion for change of venue, based on his claim that Hispanics were under-represented in the district where he was tried.  Although the defendant presented evidence showing that Hispanics constituted a small proportion of the population in that district, the Eighth Circuit noted that he

"did not present evidence indicating that his ethnic background would prevent jurors from being fair and impartial or that Hispanics were otherwise the target of purposeful discrimination in the jury selection process." Id. at 1075. The Eight Circuit concluded that the district court had not abused its discretion in denying the defendant's request for change of venue.

Acuna has not even presented evidence substantiating his claim that the "Hispanic population in Hawaii is almost non-existent when compared with that in Las Vegas." Even if Acuna were to present such evidence, he would still need to demonstrate how a smaller Hispanic population in Hawaii would preclude him from receiving a fair and impartial trial. Acuna's mere statement that he may not be able to get a jury of his peers is insufficient to warrant transfer of venue.

IV.     CONCLUSION.

For the foregoing reasons, Acuna's motion for reconsideration is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2008.



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Acuna, et. al.**, **CR. No.07-00615 SOM; ORDER DENYING ACUNA'S MOTION FOR RECONSIDERATION.**