IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ACUNA (1),<br>ANABEL VALENZUELA (2),<br><br>          Petitioners,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIM. NO. 07-00615 SOM<br><br><br>ORDER DENYING DEFENDANTS<br>ACUNA'S AND VALENZUELA'S<br>MOTIONS TO REDUCE SENTENCES<br>PURSUANT TO THE HOLLOWAY<br>DOCTRINE; EXHIBIT A |

**ORDER DENYING DEFENDANTS ACUNA'S AND VALENZUELA'S MOTIONS TO
REDUCE SENTENCES PURSUANT TO THE HOLLOWAY DOCTRINE**

**I.       INTRODUCTION.**

Defendants Benjamin Acuna and Anabel Valenzuela were
sentenced in 2010 for conspiring to distribute methamphetamine
and to commit money laundering.  Each is serving a 384-month (32-
year) sentence.  Their direct appeals and their motions under 28
U.S.C. § 2255 were unsuccessful.  Now, in nearly identical
motions, Acuna and Valenzuela ask this court to reduce their
sentences under the so-called Holloway Doctrine. That doctrine
requires the Government's agreement to a sentence reduction.  Far
from agreeing, the Government in this case objects, leaving the
court without authority to change the sentences, even assuming
solely for argument's sake that the court would otherwise grant
the requests.  This court denies the motions.

**II.      BACKGROUND.**

Acuna and Valenzuela were indicted on November 17,

2007.  See ECF No. 1.  A superseding indictment, filed on July 2, 2008, charged Acuna and Valenzuela, who are married to each other, with conspiring to distribute and possess with intent to distribute 50 grams of more of methamphetamine, its salts, isomers, and salts of its isomers (Count 1), and conspiring to commit money laundering (Count 3).  See ECF No. 264.  Counts 2 and 4 sought criminal forfeiture of the proceeds and property derived from the criminal activities set forth in Counts 1 and 3. See id.

Acuna and Valenzuela pled not guilty, and a jury trial commenced on August 6, 2008.  See ECF No. 274.  The United States presented evidence showing Acuna and Valenzuela's leadership roles in an extensive and sophisticated conspiracy to transport thousands of pounds of methamphetamine from Mexico to Las Vegas, then to Oahu.  Acuna, Valenzuela, and some of their co-conspirators were alleged to have owned stores in Nevada that they used to hide the income they derived from their drug sales.

On September 2, 2008, a jury convicted Acuna and Valenzuela of Counts 1 and 3 and found them subject to criminal forfeiture of $8 million in proceeds, as well as property in Nevada and money held in various bank accounts, all stemming from the drug and money laundering conspiracies.  See ECF Nos. 370, 386.

This court held a sentencing hearing on January 5,

2

2009.  See ECF Nos. 439, 440.  With respect to Count 1, the court sentenced Acuna and Valenzuela to 384 months in prison and 5 years of supervised release.  See ECF Nos. 439, 440.  With respect to Count 3, Acuna and Valenzuela were sentenced to 240 months in prison and 3 years of supervised release.  See ECF Nos. 439, 440.  The sentences for Counts 1 and 3 are being served concurrently.  See ECF Nos. 439, 440.  This court also imposed special assessments of $200 on each Defendant.  See ECF Nos. 439, 440.  On December 15, 2010, the Ninth Circuit affirmed the convictions and sentences.  See ECF No. 636.

On December 9, 2011, Valenzuela moved to vacate her sentence pursuant to 28 U.S.C. § 2255.  See ECF No. 648.  On February 13, 2012, Acuna similarly moved to vacate his sentence. See ECF No. 652.  On May 21, 2012, this court denied Acuna and Valenzuela's respective motions to vacate their sentences and declined to issue certificates of appealability.  See ECF Nos. 674, 675.  The Ninth Circuit then denied Acuna's and Valenzuela's respective requests for certificates of appealability in 2013. See ECF Nos. 702, 703.

In April 2016, having served only about a quarter of their 384-month sentences, Acuna and Valenzuela filed separate motions asking the court to reduce their sentences to what they said would be more fair and just sentences pursuant to the Holloway Doctrine.  See ECF Nos. 715, 718.  This court denies

3

these motions.

**III.     ANALYSIS.**

Acuna and Valenzuela seek to reduce their sentences under what is being called the "Holloway Doctrine."  The <u>Holloway</u> Doctrine gets its name from the name of a defendant in a case filed in the Eastern District of New York.  <u>See</u> <u>United States v. Holloway</u>, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).  Acuna and Valenzuela describe the <u>Holloway</u> Doctrine as "recogniz[ing] that District Courts have the discretion to subsequently reduce a defendant[']s sentence in the interest of fairness 'Even after all appeals and collateral attacks have been exhausted, and there is neither a claim of innocence nor any defect in the conviction or sentence.'"  <u>See</u> ECF No. 715, PageID # 6973; ECF No. 718, PageID # 7002 (citing <u>Holloway</u>, 68 F. Supp. 3d at 311).

A district court has only limited authority to modify a sentence once it has been imposed.  <u>See</u> 18 U.S.C. § 3582(c). Section 3582(c) provides that a judgment of a conviction including a sentence to imprisonment is final and may only be modified in three instances: 1) upon motion of the Director of the Bureau of Prisons; 2) pursuant to a motion by the Government under Rule 35(b) of the Federal Rules of Criminal Procedure; and 3) pursuant to a sentencing range lowered by United States Sentencing Commission pursuant to 28 U.S.C. § 994(o).  Under Rule 35(a) of the Federal Rules of Criminal Procedure, a court may

4

correct a sentence that resulted from arithmetical, technical, or other clear error only within 14 days after sentencing.

Holloway attempts to get around these limitations so as to permit a reduction of sentence in the "interest of fairness." 68 F. Supp. 3d at 311.  Francois Holloway was convicted of three counts of carjacking and sentenced to 151 months in prison for those counts under the then-mandatory sentencing guidelines.  Id. at 312.  He was also convicted of three crimes of violence under 18 U.S.C. § 924(c), having committed the carjacking at gunpoint. Id.  The first § 924(c) conviction carried a mandatory 5-year sentence, and each of the other § 924(c) convictions carried a mandatory sentence that, at the time, was 20 years for a second or subsequent § 924(c) conviction.  Id.  The § 924(c) sentences were required by statute to run consecutively to each other and to the carjacking sentence.  Id.  Holloway's total prison term was 57 years and 7 months.  Id.  Both the Second Circuit and the Supreme Court affirmed the convictions and sentence.  Id. at 313. The district court then denied Holloway's § 2255 collateral attack, and the Second Circuit in 2010 declined to issue a certificate of appealability.  Id.  The Second Circuit further denied Holloway's request that he be permitted to file a successive petition.  Id.

In late 2012, Holloway filed a motion to reopen his § 2255 proceeding under Rule 60(b) of the Federal Rules of Civil

Procedure.  Id. at 314.  This motion triggered a review by Judge John Gleeson, the sentencing judge, who was troubled by the harshness of mandatory sentences.  See id.  He considered Holloway's sentence of more than 57 years excessive and onerous. See id. at 312.  Judge Gleeson asked the Government to consider exercising its discretion by agreeing to an order vacating two or more of Holloway's § 924(c) convictions so he "could face a more just resentencing."  See id. at 314.  After initially declining Judge Gleeson's request, the Government ultimately did not oppose Holloway's Rule 60(b) motion to revisit the denial of § 2255 relief, agreed to the vacating of some of Holloway's convictions, and agreed that Judge Gleeson could resentence Holloway to 20 years based on the remaining conviction.  See id. at 315-16.

        The Government's agreement was based on its view that Holloway's case was "unique" and that Holloway was "a unique defendant in many ways."  See id. at 315.  A significant factor supporting this view was Holloway's exemplary behavior while in custody.  See id.  In prison, Holloway had a mild disciplinary record with only a few minor infractions, and he had taken advantage of educational and other opportunities to better himself.  Id.  The Government also cited the victims' support of Holloway's release as a factor that made Holloway's case unique.

See id.[1]

Acuna and Valenzuela, no longer contesting their guilt, now rely on the Holloway Doctrine in requesting that their convictions as to Count 1 be vacated and that their sentences be reduced to be more fair and just.  See ECF No. 715, PageID # 6984; ECF No. 718, PageID # 7013.

Neither the Second Circuit nor the Ninth Circuit has addressed the Holloway Doctrine.  Acuna and Valenzuela nevertheless argue that there "is no denying that there is a Holloway doctrine," and that it is "a new principle of law".  See ECF No. 724, PageID #s 7113-14; ECF No. 725, PageID # 7125-26. Not everyone agrees.  In United States v. Horton, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016), the court viewed the so-called Holloway Doctrine as not so much a doctrine, but as "a single case carrying no precedential weight

---

[1] From such decisions by the district court, circuit court, and Supreme Court in the Holloway case as are accessible to this court, this court cannot discern whether Holloway's § 924(c) sentences were imposed under § 924(c)(3)(A) or under § 924(c)(3)(B).  Both subsections contain definitions of a "crime of violence," with § 924(c)(3)(B) stating that an offense is a crime of violence if it is a felony and "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Possibly, even without Judge Gleeson's order reducing his sentence in 2014, Holloway might today seek to have his sentence reduced based on the argument that § 924(c)(3)(B) is as unconstitutionally vague as the "residual clause" in 18 U.S.C. § 924(3)(2)(B)(ii), which was invalidated in Johnson v. United States, 135 S. Ct. 2551 (2015).  Whether this argument might succeed may depend on developments in case law in the Second Circuit and is beyond the scope of the present order.

in this court."

Regardless of how broadly the <u>Holloway</u> Doctrine might be applied, it has effect only if the Government agrees to a reduced sentence.  The Government does not agree here.  This court therefore lacks authority to change the previously imposed sentences.

### A.   The Government Has Declined to Agree to Reduced Sentences.

As Judge Gleeson recognized, relief of the type granted in <u>Holloway</u> is contingent on the Government's acquiescence.  <u>See</u> 68 F. Supp. 3d at 316 (clarifying that decision "poses no threat to the rule of finality" and that "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly").

In its opposition to Acuna's and Valenzuela's motions, the Government expressly declines to agree to or move for any reduction in the sentences in issue here.  <u>See</u> ECF No. 723, PageID # 7085; ECF No. 722, PageID # 7053.  The Government's approval is an essential element in granting relief under the <u>Holloway</u> decision.  <u>See</u> 68 F. Supp. 3d at 317.  This court has no authority to reduce a sentence absent such approval from the Government.

This court notes that Acuna and Valenzuela have both previously filed § 2255 motions without success and were both

denied certificates of appealability.  See ECF Nos. 648, 651, 674, 675.  In Holloway, Judge Gleeson granted Holloway's motion to reopen his § 2255 proceeding under Rule 60(b), stating that there were "good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it."  See 68 F. Supp. 3d at 314.  Acuna and Valenzuela appear to be modeling their present motions on Holloway's Rule 60(b) motion.

In the Ninth Circuit, however, a federal prisoner may not rely on Rule 60(b) to raise a new claim under § 2255.  See United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (agreeing with Sixth, Seventh, and Tenth Circuits that Supreme Court ruling that state prisoner may not rely on Rule 60(b) to raise new claim in federal habeas proceedings that would otherwise be barred as second or successive motion under 28 U.S.C. § 2254 also applies to motions to reopen § 2255 proceedings).  Instead, as noted in Buenrostro, Rule 60(b) applies when, for example, a prisoner is seeking relief based on an alleged defect in the integrity of the federal heabeas proceedings, such as a fraud on the court during the prior § 2255 proceedings.  Id.

Because Acuna and Valenzuela are not asserting a defect in the prior § 2255 proceeding, Rule 60(b) is inapplicable.  Nor does it appear to this court that they are bringing a second or successive § 2255 petition, for which Ninth Circuit certification

would be required.  If this court read their motions as bringing a claim under § 2255, this court would refer the motions to the Ninth Circuit pursuant to Circuit Rule 22-3(a).  But Acuna and Valenzuela are not claiming "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  <u>See</u> 28 U.S.C. § 2255(a).  Nor are they suggesting that relief is warranted based on newly discovered evidence or on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  <u>See</u> <u>id.</u> § 2255(h).  They are instead asking this court for mercy, asserting neither a right to relief nor any error by this court.  Their motions are in the nature of clemency petitions.  This court has no authority to grant clemency absent the Government's agreement.  Acuna and Valenzuela should address their clemency requests to the President, not the court.

### B.    This Court Declines to Ask the Government to Agree to Reduced Sentences.

Lacking authority to reduce the sentences imposed, this court turns to the issue of whether Acuna and Valenzuela are really asking this court to do everything in its power to persuade the Government to consent to sentence reductions.  That

is, Acuna and Valenzuela may be asking for nothing more than the potential benefit of this court's support for reducing their sentences.  Such support by Judge Gleeson redounded to Holloway's benefit.  This court, however, does not view Acuna and Valenzuela as being analogous to Holloway.

A primary focus of the motions filed by Acuna and Valenzuela is what they perceive as the disparity between their sentences and those of their co-conspirators.  See ECF No. 715, PageID #s 6977-78; ECF No. 718, PageID #s 7006-07.  Acuna and Valenzuela say that their sentences are disproportionately severe even when compared to sentences imposed on better-known leaders of major drug trafficking organizations.  See ECF No. 715, PageID #s 6981-82; ECF No. 718, PageID #s 7010-11.

The Government asserts that Acuna's and Valenzuela's arguments fail because both their co-conspirators and the major drug kingpins that they refer to "accepted responsibility, cooperated and provided substantial assistance to the Government, were [involved in] vastly smaller scale crimes, etc." See ECF No. 723, PageID # 7084; ECF No. 722, PageID # 7056.  This court agrees.

Neither Acuna nor Valenzuela provided assistance to the Government.  Unlike their co-conspirators or the drug kingpins they refer to, Acuna and Valenzuela did nothing that might have lowered their offense level and reduced their sentences.

Acuna and Valenzuela conspired to distribute over 2000 pounds of methamphetamine that generated at least $8 million in profits. The DEA described the methamphetamine trafficking conspiracy in this case as the largest, at least at the time, to have ever operated in the State of Hawaii. See ECF No. 574, PageID # 10. Acuna and Valenzuela were leaders of the drug conspiracy, not low-level operatives. See id.

The Government further argues that Acuna's and Valenzuela's 384-month sentences are already significantly below the guideline range. See ECF No. 723, PageID # 7084; ECF No. 722, PageID # 7056. This court relied on the applicable United States Sentencing Guidelines Manual (effective November 1, 2008) in determining that Acuna and Valenzuela had a Total Offense Level of Level 46. Each of them had a guideline range of life in prison. Both Acuna and Valenzuela had a Base Offense Level for the drug conspiracy (Count 1) of Level 38, given the amount of methamphetamine involved. For Acuna, 2 levels were added for the specific offense characteristic of possessing a firearm, 4 levels were added for his leadership role, and 2 levels were added for obstruction of justice. For Valenzuela, 2 levels were added for the specific offense characteristic of having been convicted of money laundering under 18 U.S.C. § 1956, 4 levels were added for her leadership role, and 2 levels were added for obstruction of justice. Amendment 782 to the Sentencing Guidelines, which

12

lowered the Base Offense Levels by 2 levels for many defendants charged with drug crimes, does not help Acuna and Valenzuela. Given the massive quantity of methamphetamine they were responsible for, their Total Offense Level remains at Level 46.

This court did not impose the guideline sentence of life in prison.  Taking into account age and other family considerations, the court sentenced Acuna and Valenzuela to 384 months.  See id.

For the first time in their Reply briefs, Acuna and Valenzuela argue that they exercised their rights to trial "out of fear and ignorance," and that this "forced" the court to impose a sentence of 384 months.  See ECF No. 724, PageID # 7114; ECF No. 725, PageID # 7126.  This court may disregard these arguments pursuant to Local Rule 7.4, which states that "[a]ny argument raised for the first time in the reply shall be disregarded."

Even if this court considers these arguments, they fail.  This court was not "forced" to sentence Acuna and Valenzuela to 384 months.  Unlike Holloway, this is not a case in which the guidelines were mandatory.  Holloway was sentenced before United States v. Booker, 543 U.S. 220 (2005), was decided. Under Booker, the sentencing guidelines are advisory, not mandatory.  When Acuna and Valenzuela were sentenced in 2009, this court had discretion under Booker to vary from the life

13

imprisonment guideline range.  And, although the court remained bound by the 10-year statutory mandatory minimum provided for in 21 U.S.C. § 841(b)(1)(A) for the drug offense charged in Count 1, there were no sentences that were required by statute to be run consecutively, as there were in Holloway.  Nor can Acuna and Valenzuela argue (as Holloway might have been able to argue if his case were considered today) that they were sentenced under an unconstitutionally vague statute.

Had they pled guilty, Acuna and Valenzuela might not have received the 2-level increase for obstructing justice, as that related to their trial testimony, and they might have received a 2-level reduction for accepting responsibility with an additional 1-level reduction for permitting the Government and the court to avoid preparing for trial pursuant to § 3E1.1 of the United States Sentencing Commission Guidelines Manual.  The reduction of their Total Offense Level by 5 levels would have yielded a Total Offense Level of Level 41.  Notably, their sentences of 384 months happen to fall within the guideline range of 324 to 405 months applicable to Total Offense Level 41, given their lack of prior criminal history.  On the present record, neither Acuna nor Valenzuela establishes that a 384-month sentence must flow from what they refer to as "the audacity of going to trial."  See ECF No. 724, PageID # 7114; ECF No. 725, PageID # 7126.

14

Besides citing <u>Holloway</u>, Acuna and Valenzuela cite a
pair of recent decisions by Judge Jan E. Dubois from the Eastern
District of Pennsylvania that acknowledged and adopted the
<u>Holloway</u> Doctrine:  <u>United States v. Ezell</u>, No. 02-815-01, 2015
U.S. Dist. LEXIS 109814 (E.D. Pa. Aug. 18, 2015), and <u>United
States v. Trader</u>, Criminal Action No. 04-680-06, 2015 WL 4941820
(E.D. Pa. Aug. 19, 2015).  <u>See</u> ECF No. 715, PageID # 6982.

In <u>Ezell</u>, the defendant, following a trial, was
sentenced in 2005 to a total of 132 years of imprisonment on six
counts of carrying and using a firearm during "crimes of
violence" (i.e., Hobbs Act robberies).  2015 U.S. Dist. LEXIS
109814, at *7.  The sentence of over a century was mandatory
under 18 U.S.C. § 924(c).[2]

A conviction under § 924(c) carried a mandatory
sentence of 5 years, which was mandatorily increased to 7 years
if the defendant "brandished" the firearm.  The court sentenced
Ezell to 7 years on the first § 924(c) count, given the court's
determination that Ezell had brandished the firearm during the
robbery.  <u>Ezell</u>, 2015 U.S. Dist. LEXIS 109814, at *7.  On each of
the five other § 924(c) counts, the court imposed the mandatory

---

[2] At the time of sentencing, <u>Johnson v. United States</u>, 135
S. Ct. 2551 (2015), had not yet been decided, and the issues of
whether the sentence was based on the "residual clause" of
§ 924(c)(3)(B) and whether that provision was unconstitutionally
vague did not arise.  This court is certainly not opining here on
whether an argument based on <u>Johnson</u> would or would not be
successful if Ezell raised such an argument today.

statutory sentence of 25 years for a second or subsequent
§ 924(c) conviction.  Id.  The six § 924(c) convictions thus
resulted in a 132-year total.  Id.

In Trader, the court sentenced the defendant to the
mandatory sentence of life imprisonment for conspiring to
distribute more than 5 kilograms of cocaine and other substantive
cocaine distribution offenses.  2015 WL 4941820, at *1.

In both Ezell and Trader, the court held that the
defendants were not entitled to relief under 28 U.S.C. § 2255,
but considered the sentences to be grossly disproportionate.
Judge Dubois was troubled by the lack of judicial power to do
justice absent Government consent and called on the Government to
cooperate in efforts to reduce the defendants' sentences.

Acuna's and Valenzuela's situations are distinguishable
from those of the defendants in both Ezell and Trader because
those cases involved mandatory sentences.  The only mandatory
sentence applicable to Acuna and Valenzuela was the 10-year
mandatory minimum for the drug conspiracy.  Their sentences of
384 months were not mandatory.  Instead, their sentences
reflected the court's exercise of discretion, which included
consideration of the advisory sentencing guideline range of life
in prison.

Acuna and Valenzuela also rely on United States v.
Rivera, No. 83-00096-01-cr.  That reliance is misplaced.  In that

16

case from the Eastern District of Oklahoma, the defendant was convicted of several counts pertaining to the importation and transportation of large amounts of cocaine throughout the United States and sentenced to life imprisonment plus a concurrent 80 years.  See Exhibit A, attached to this order.[3]  With the Government's agreement, the defendant was released after about 30 years in prison.  See id.  The Government cited Holloway and noted the defendant's exemplary behavior in prison.  See id.  The Government also noted that the guidelines in 2015 would suggest a shorter prison term than the guidelines provided for at the time of sentencing.  See id.

Unlike Holloway or Rivera, this is not a case involving guidelines that now suggest a shorter sentence.  68 F. Supp. 3d 310.  Nor are Acuna and Valenzuela seeking relief after serving decades in prison.  Indeed, they have not yet completed serving the 10-year mandatory minimum sentences provided for by statute.

The court is not disregarding what Acuna and Valenzuela

---

[3] Copies of what appear to be the defendant's original motion to vacate, the Government's response, and the court's order in the Rivera case are attached hereto as Exhibit A.  These documents were located online at http://clemencyreport.org/wp-content/uploads/2015/09/Rivera-Motion-to-Vacate-.pdf (last visited July 6, 2016), http://clemencyreport.org/wp-content/uploads/2015/09/Government-Response.pdf (last visited July 6, 2016), and http://clemencyreport.org/wp-content/uploads/2015/09/Order.pdf (last visited July 6, 2016).  The documents were not found on Westlaw or Lexis and preceded electronic filing so are not accessible through the district court's ECF system.

have achieved while in prison.  Acuna states that he has earned his way to a medium-security prison and is on the verge of securing enough positive points to be transferred to a low-security prison.  <u>See</u> ECF No. 715, PageID # 6980.  Acuna further states that he has completed numerous federal programs targeting rehabilitation, including programs in electronic circuits and business Excel, and that he has taken G.E.D. classes.  <u>See</u> <u>id.</u>

Valenzuela states that she too has completed numerous federal programs targeting rehabilitation, including programs in Photoshop, Illustrator, Word, Excel, and Powerpoint.  <u>See</u> ECF No. 718, PageID # 7009.  She says that she was a healthy lifestyles mentor for a year and has completed many re-entry classes.  <u>See</u> <u>id.</u>  She further describes teaching aerobics, yoga, ESL, and fine arts, and volunteering at the chapel for Catholic services.  She says that she is one class away from completing her Associate of Arts degree in Business and is a certified forklift driver.  <u>See</u> <u>id.</u>

According to Acuna and Valenzuela, they have undergone "personal transformation" and have "changed" during their 8 years in prison.  <u>See</u>  ECF No. 715, PageID # 6979; ECF No. 718, PageID # 7009.  The conduct listed by Acuna and Valenzuela during their incarceration is to be commended, but it does not, at this time, cause this court to apply the <u>Holloway</u> Doctrine by asking the Government to agree to reduced sentences.  The cases that Acuna

18

and Valenzuela cite involve circumstances distinguishable from those present in this case.  Unlike the judges in those cases, this court was not required by mandatory guidelines or by statute to impose 384-month sentences.  For that reason, Acuna and Valenzuela are asking nothing more than that this court change its mind.  That is not at all what Judge Gleeson appears to this court to have had in mind when he reduced Francois Holloway's sentence.

**IV.      CONCLUSION.**

Acuna's and Valenzuela's motions to reduce their sentences pursuant to the <u>Holloway</u> Doctrine are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 8, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Benjamin Acuna, Anabel Valenzuela v. United States of America, Crim. No. 07-00615 SOM; ORDER DENYING DEFENDANTS ACUNA'S AND VALENZUELA'S MOTIONS TO REDUCE SENTENCES PURSUANT TO THE HOLLOWAY DOCTRINE