IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ACUNA, | ) | CRIM. NO. 07-00615 SOM (01) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| | ) | REQUESTING REDUCTION OF |
| vs. | ) | SENTENCE PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(1)(A)(i) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION REQUESTING REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

**I.      INTRODUCTION.**

Benjamin Acuna is serving a 384-month (32-year) prison
sentence, having been found guilty by a jury of having conspired
to distribute methamphetamine and to commit money laundering.
His lengthy sentence related in large part to his involvement in
an enormous methamphetamine operation that included the bringing
of thousands of pounds of methamphetamine into Hawaii from
Nevada.  In a motion filed on March 9, 2020, Acuna, citing
factors other than the coronavirus pandemic, seeks a reduction of
his sentence pursuant to the First Step Act, 18 U.S.C.
§ 3582(c)(1)(A)(i).  That law allows defendants to move for
sentence reductions based on "extraordinary and compelling
reasons."  Because Acuna does not establish such reasons, the
court denies his motion.

## II.        BACKGROUND.

Acuna was charged with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers (Count 1), and conspiring to commit money laundering (Count 3). Counts 2 and 4 sought criminal forfeiture of the proceeds and property derived from the alleged conspiracies.  *See* ECF No. 264 (First Superseding Indictment).

On September 2, 2008, a jury found Acuna guilty of Counts 1 and 3, and found him subject to criminal forfeiture of $8 million, property in Nevada, and money held in various bank accounts.  *See* ECF Nos. 370 (Verdict finding Acuna guilty of Counts 1 and 3), 386 (Special Verdict Form regarding forfeiture of property).

In January 2009, this court sentenced Acuna with respect to Count 1 to 384 months in prison and five years of supervised release.  With respect to Count 3, this court sentenced Acuna to 240 months in prison and three years of supervised release.  The terms are being served concurrently. *See* ECF Nos. 439 (Minute Order re Sentencing Hearing), 449 (Amended Judgment in a Criminal Case).  The sentence imposed, while lengthy, was less than the life term set forth in the advisory Sentencing Guidelines, which took into account

2

enhancements for Acuna's leadership role, possession of a firearm, and obstruction of justice.

The Ninth Circuit affirmed Acuna's conviction and sentence. *See* ECF No. 636. Acuna thereafter moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 651. This court denied that motion. *See* ECF No. 675. The Ninth Circuit denied Acuna's request for a certificate of appealability. See ECF No. 703.

On March 9, 2020, Acuna, having served less than half of the 32-year sentence imposed on Count I, filed the present motion seeking to reduce the sentence. *See* ECF No. 750.

III.    ANALYSIS.

Acuna seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I), which was amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Until passage of that Act, only the Bureau of Prisons could move for relief under § 3582(c)(1)(A). The Act allows such a motion by a defendant:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

3

> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons
> warrant such a reduction
>
>         . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

In other words, for the court to exercise its authority under § 3582(c)(1)(A) to reduce a sentence, it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.

Congress authorized the United States Sentencing Commission to determine what "extraordinary and compelling reasons" would support the reduction of a sentence, notably cautioning that the rehabilitation of a defendant, by itself, was insufficient:

> (t) The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a

> list of specific examples.  Rehabilitation of
> the defendant alone shall not be considered
> an extraordinary and compelling reason.

28 U.S.C. § 994(t).

The Sentencing Commission then promulgated U.S.S.G.

§ 1B1.13, which states:

> Upon motion of the Director of the Bureau of
> Prisons under 18 U.S.C. § 3582(c)(1)(A), the
> court may reduce a term of imprisonment (and
> may impose a term of supervised release with
> or without conditions that does not exceed
> the unserved portion of the original term of
> imprisonment) if, after considering the
> factors set forth in 18 U.S.C. § 3553(a), to
> the extent that they are applicable, the
> court determines that–
>
> (1)(A) Extraordinary and compelling reasons
> warrant the reduction; or
> (B) The defendant (i) is at least 70 years
> old; and (ii) has served at least 30 years in
> prison pursuant to a sentence imposed under
> 18 U.S.C. § 3559(c) for the offense or
> offenses for which the defendant is
> imprisoned;
>
> (2) The defendant is not a danger to the
> safety of any other person or to the
> community, as provided in 18 U.S.C.
> § 3142(g); and
>
> (3) The reduction is consistent with this
> policy statement.

The comment to § 1B1.13 of the sentencing guidelines

discusses four "extraordinary and compelling reasons" justifying

a reduction of a sentence: (1) the medical condition of the

defendant; (2) the age of the defendant; (3) family circumstances

requiring the defendant to perform caregiving functions; or

(4) other reasons "[a]s determined by the Director of the Bureau

5

of Prisons." U.S.S.G. § 1B1.13 cmt. n.1.  The comment reiterates that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Sentencing Commission has not yet updated U.S.S.G. § 1B1.13 or its comments to reflect the First Step Act's allowance of a defendant to move for relief.

The Government does not dispute that Acuna exhausted his prison remedies with respect to his request for a reduction of sentence as required by 18 U.S.C. § 3582(c)(1)(A).  *See* ECF Nos. 750, PageID # 7317 (stating that Acuna filed a request for compassionate release with his warden and that thirty days have passed without the warden taking action on that request); 753 (failing to raise exhaustion in the Opposition); 750-2, PageID # 7327 (Request to Warden to reduce sentence pursuant to First Step Act**)**.  The court therefore turns to the merits of his request.

Acuna first argues that the length of his prison term constitutes an "extraordinary and compelling reason" to reduce his sentence.  *See* ECF No. 750, PageID # 7317.  This court is unpersuaded.  The sentence balanced the sentencing factors laid out in 18 U.S.C. § 3553(a) and was affirmed on appeal.  Acuna acknowledges that he deserved "a harsh sentence."  *See id.*,

6

PageID # 7317-18.  The passage of time is not an "extraordinary and compelling reason" to reduce his sentence.  Acuna may now regret having rejected plea offers, but that does not create an "extraordinary and compelling reason" to reduce his sentence. Nor is the court persuaded by Acuna's citation of research indicating that a lengthy prison term does not necessarily reduce the likelihood of reoffending.  While this court is certainly interested in avoiding new offenses, a prison term has additional purposes, such as punishment.

The court agrees with Acuna that, while rehabilitation alone does not constitute an "extraordinary and compelling reason" to reduce a sentence, it might, under some circumstances, combine with other factors to justify a reduction.  However, the court finds no such combination here.  Acuna's motion focuses primarily on his "extensive rehabilitation."  *See* ECF No. 750, PageID #s 7321-22.  The court commends Acuna for his efforts to chart a new path while in prison, but concludes that, even combining his rehabilitation with other factors raised in his motion, Acuna fails to show "extraordinary and compelling reasons" to reduce his sentence.

For example, Acuna also mentions that, at the time he and his wife (a co-Defendant) were sentenced, they had two young children, who apparently went to live with their grandparents. *Id.*, PageID # 7320.  Acuna refers to studies indicating the

effect on children of having their parents imprisoned.  This is a
circumstance that this judge, like many other judges, frequently
takes into account in imposing sentences, but Acuna does not show
that this is an "extraordinary and compelling reason" to reduce a
sentence after the children have already spent over a decade
without their parents.  Application Note 1 to U.S.S.G. § 1B1.13
discusses "Family Circumstances" amounting to "extraordinary and
compelling reasons" to reduce a sentence.  These circumstances
contemplate a defendant's need to take care of a family member,
referring specifically to "(i) The death or incapacitation of the
caregiver of the defendant's minor child or minor children" and
"(ii) The incapacitation of the defendant's spouse or registered
partner when the defendant would be the only available caregiver
for the spouse or registered partner."  Acuna's children are
being cared for by their grandparents, and Acuna presents no
details on how the circumstances of that care merit a sentence
reduction at this point.  His wife is in prison.  This court is
by no means discounting the value to the children of having their
father with them.  Rather, this court is unable to conclude from
the present record that Acuna's absence now amounts to an
"extraordinary and compelling reason" to release him early.

The court additionally notes that Acuna may be subject
to deportation whenever he completes his prison term.  *See*
Amended Judgment, Special Conditions of Supervision # 4

8

(requiring Acuna to "cooperate with the Department of Homeland Security by participating in all removal hearings").  Thus, Acuna may not be automatically released from prison even if this court were to reduce his sentence.  And, unless his children joined him in Mexico, he would not reside with them if deported.

**IV.**      **CONCLUSION.**

Acuna's motion for reduction of sentence is DENIED.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 2, 2020.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge


Acuna v. United States, CRIM. NO. 07-00615 SOM; ORDER DENYING MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)