IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ACUNA, | ) | CRIM. NO. 07-00615 SOM (01) |
| | ) | |
| Petitioner, | ) | ORDER DENYING SECOND MOTION |
| | ) | REQUESTING REDUCTION OF |
| vs. | ) | SENTENCE PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(1)(A)(i) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING SECOND MOTION REQUESTING REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

**I.      INTRODUCTION.**

Benjamin Acuna is serving a 384-month (32-year) prison sentence, having been found guilty by a jury of having conspired to distribute methamphetamine and to commit money laundering. His lengthy sentence related in large part to his involvement in an enormous methamphetamine operation that included the bringing of thousands of pounds of methamphetamine into Hawaii from Nevada.  In a motion filed on November 8, 2021, Acuna, citing factors other than the coronavirus pandemic, seeks a reduction of his sentence pursuant to the 18 U.S.C. § 3582(c)(1)(A)(i).  That law allows defendants to move for sentence reductions based on "extraordinary and compelling reasons."  This court denied a similar motion on June 2, 2020, and none of Acuna's arguments warrant a departure from this court's prior ruling.  His motion is denied.

**II.     BACKGROUND.**

Acuna was charged with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers (Count 1), and conspiring to commit money laundering (Count 3). Counts 2 and 4 sought criminal forfeiture of the proceeds and property derived from the alleged conspiracies. *See* ECF No. 264 (First Superseding Indictment).

On September 2, 2008, a jury found Acuna guilty of Counts 1 and 3, and found him subject to criminal forfeiture of $8 million, property in Nevada, and money held in various bank accounts. *See* ECF Nos. 370 (Verdict finding Acuna guilty of Counts 1 and 3), 386 (Special Verdict Form regarding forfeiture of property).

In January 2009, this court sentenced Acuna with respect to Count 1 to 384 months in prison and five years of supervised release. With respect to Count 3, this court sentenced Acuna to 240 months in prison and three years of supervised release. The terms are being served concurrently. *See* ECF Nos. 439 (Minute Order re Sentencing Hearing), 449 (Amended Judgment in a Criminal Case). The sentence imposed, while lengthy, was less than the life term set forth in the advisory Sentencing Guidelines, which took into account

enhancements for Acuna's leadership role, possession of a firearm, and obstruction of justice.

The Ninth Circuit affirmed Acuna's conviction and sentence. *See* ECF No. 636. Acuna thereafter moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 651. This court denied that motion. *See* ECF No. 675. The Ninth Circuit denied Acuna's request for a certificate of appealability. *See* ECF No. 703.

On March 9, 2020, Acuna, having served less than half of the 32-year sentence imposed on Count I, filed a motion seeking a reduction in his sentence. *See* ECF No. 750. This court denied the motion. This court held that while Acuna focused primarily on what he described as his "extensive rehabilitation," rehabilitation alone does not constitute an "extraordinary and compelling reason" to reduce a sentence. ECF No. 758, PageID # 7372. This court also discussed the situation of Acuna's children, who apparently were living with their grandparents, and stated that it was "unable to conclude from the present record that Acuna's absence" amounted "to an 'extraordinary and compelling reason' to release him early." *Id.* at 7373.

On November 8, 2021, Acuna filed a second motion seeking a reduction in his sentence. *See* ECF No. 780.

**III.    ANALYSIS.**

Acuna's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Balgas*, 2021 WL 2582573, at *1 (D. Haw. June 23, 2021)

4

*United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

> **A.  The Government Agrees that Acuna has Satisfied The Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).**

In its response, the Government stated that "[b]ecause Acuna has provided no basis upon which this Court could grant his request for compassionate release, the Government – for purposes of this response only – will agree that Acuna has satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)."  ECF No. 786, PageID # 7546.  This court therefore turns to the remaining § 3582(c)(1)(A) requirements.

> **B.  This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this judge has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This judge has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, she is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the

5

discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Balgas*, 2021 WL 2582573, at *2; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy

statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

> **C.  Acuna Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release, or That the Requested Reduction Would Be Consistent with Sentencing Commission Policy Statements**.

Acuna spends the majority[1] of this motion repeating arguments that this court already considered in denying his first request for a reduction his in sentence.  Acuna has not persuaded the court to reconsider its prior ruling.

Acuna first contends he has "learned a lot" during his time in prison, and that he has "matured mentally."  ECF No. 780-2, PageID # 7627-28.  In other words, Acuna is again arguing that his sentence should be reduced because of his rehabilitation.  In denying Acuna's initial motion, however, this court held that rehabilitation alone does not justify granting a motion for a reduced sentence.  ECF No. 758, PageID # 7372.  While rehabilitation "might, under some circumstances, combine with other factors to justify a reduction," this court found "no such

---

[1] In his motion, Acuna also discusses the possibility of a treaty transfer to Mexico.  ECF No. 780-2, PageID # 7528.  Congress has given the Attorney General the authority to "transfer offenders under a sentence of imprisonment . . . to the foreign countries of which they are citizens or nationals" based on a treaty between the two countries.  18 U.S.C. § 4102(3).  Acuna does not explain why this is a matter that involves this court, instead of the Attorney General.

combination here." *Id.* None of Acuna's present arguments warrants a departure from that ruling.

Acuna cites an incident in which he "cut open [his] eyebrow" and was "exposed to carbon monoxide." He says that, as a result, he suffered from "headaches, migraines, and nightmares." ECF No. 780-2, PageID # 7527. Acuna's medical records show that he received x-rays after the incident, which revealed a "minimal to mild facet anthropathy," a condition often associated with chronic back pain. ECF No. 789, PageID # 7567. A note in his medical records from August 30, 2021 states that Acuna was treated with aspirin, which relieved his pain. *Id.* at 7569-71. He was advised that he was responsible for making another appointment if his symptoms worsened. From his medical records, it does not appear that Acuna sought treatment after August 30, 2021. While the injury was unfortunate and the pain that Acuna appears to be suffering would naturally distress anyone, this is not the kind of severe illness that rises to the level of an "extraordinary and compelling reason" that would justify an early release. *See generally* U.S.S.G § 1B1.13.

Finally, Acuna notes that during his time in prison, his two sons were "left without their parents" and "raised by family." ECF No. 708-2, PageID # 7527. Application Note 1 to U.S.S.G. § 1B1.13 discusses "Family Circumstances" amounting to "extraordinary and compelling reasons" to reduce a sentence.

These circumstances contemplate a defendant's need to take care of a family member, referring specifically to "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  In its prior order, this court noted that "Acuna's children are being cared for by their grandparents," and that Acuna presented "no details on how the circumstances of that care merit a sentence reduction at this point."  ECF No. 758, PageID # 7372-73.  Acuna has offered no additional details in his present motion.  Accordingly, based on the present record, this court is again unable to conclude that Acuna's absence now amounts to an "extraordinary and compelling reason" to release him early.

**IV.     CONCLUSION.**

Acuna's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2022.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Acuna v. United States*, CRIM. NO. 07-00615 SOM; ORDER DENYING SECOND MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)