IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN ACUNA, ) | CRIM. NO. 07-00615 SOM (01) |
| ) | |
| Petitioner, ) | ORDER DENYING REQUEST FOR |
| ) | REDUCTION OF SENTENCE PURSUANT |
| vs. ) | TO AMENDMENT 821 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## ORDER DENYING REQUEST FOR REDUCTION OF
## SENTENCE PURSUANT TO AMENDMENT 821

**I.      INTRODUCTION.**

Benjamin Acuna is serving a 384-month (32-year) prison sentence, having been found guilty by a jury of having conspired to distribute an extremely large amount of methamphetamine and to commit money laundering.  His lengthy sentence flowed in large part from his involvement in an enormous methamphetamine operation that included the bringing of thousands of pounds of methamphetamine into Hawaii from Nevada.  Acuna is currently incarcerated at Memphis FCI and has an anticipated release date of May 2, 2034.  *See* https://www.bop.gov/inmateloc/ (input Register No. 37033-048) (last visited June 4, 2024).

On April 9, 2024, Acuna sought a reduction of his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG").  *See* ECF No. 791.  His motion is denied.

**II.      BACKGROUND.**

In January 2009, this court sentenced Acuna with respect to Count 1 (methamphetamine conspiracy) to 384 months in prison and five years of supervised release. With respect to Count 3 (money laundering conspiracy), this court sentenced Acuna to 240 months in prison and three years of supervised release. The terms are being served concurrently. *See* ECF Nos. 439 (Minute Order re Sentencing Hearing), 449 (Amended Judgment in a Criminal Case).

Acuna's Base Offense Level was 38. Two levels were added pursuant to USSG § 2D1.1(b)(1) because a dangerous weapon, including a firearm, was possessed in connection with his offense. Specifically, Acuna was seen with a handgun under his clothing during a drug transaction and a semiautomatic handgun was found in a safe in his residence. Four levels were added because Acuna was a leader or organizer and two levels were added for Acuna's obstruction of justice. This gave Acuna a Total Offense Level of 46. Acuna received 1 criminal history point for a 1998 Las Vegas conviction for having maliciously destroyed public property. He fell into Criminal History Category I. *See* Presentence Investigation Report ¶¶ 68-69, 80; Transcript of Proceeding, Sentencing (Jan. 5, 2009), ECF No. 574, PageID # 5650 (May 5, 2009) (adopting Presentence Investigation Report). The sentence imposed, while lengthy, was less than the life term set

forth in the advisory Sentencing Guidelines for a defendant with a Total Offense Level of 46 and a Criminal History Category of I.

The Ninth Circuit affirmed Acuna's conviction and sentence.  *See* ECF No. 636.

### III.     ANALYSIS.

Under 18 U.S.C. § 3582(c)(2), this court may modify a term of imprisonment as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has amended USSG § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, effective February 1, 2024.

Subpart B of Amendment 821 created a new Chapter Four guideline, USSG § 4C1.1 (Adjustment for Certain Zero-Point Offenders), to provide for a decrease of two offense levels for defendants who met its requirements.  Acuna is seeking a reduction of his sentence pursuant to Subpart B of Amendment 821. However, he does not meet its requirements.

To receive an adjustment under USSG § 4C1.1, a defendant must meet all ten of its requirements, including having no criminal history points and not having possessed a firearm or other dangerous weapon in connection with the offense.  *See* USSG § 4C1.1(a)(1) and (7).  As noted above, Acuna received one criminal history point for a Las Vegas conviction and possessed a firearm in connection with the conspiracy to distribute and possess with intent to distribute methamphetamine.  Accordingly, there are two separate grounds that make Acuna ineligible for relief under Subpart B of Amendment 821, USSG § 4C1.1.  Even one of those grounds would suffice to make him ineligible.

**IV.     CONCLUSION.**

Acuna's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 4, 2024.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Acuna v. United States*, CRIM. NO. 07-00615 SOM; ORDER DENYING REQUEST FOR REDUCTION OF SENTENCE PURSUANT TO AMENDMENT 821