IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ACUNA, | ) | CRIM. NO. 07-00615 SOM (01) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| | ) | REQUESTING REDUCTION OF |
| vs. | ) | SENTENCE PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(1)(A)(i) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION REQUESTING REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

**I.      INTRODUCTION.**

Benjamin Acuna is serving a 384-month (32-year) prison sentence, having been found guilty by a jury of having conspired to distribute methamphetamine and to commit money laundering. His lengthy sentence related in large part to his involvement in an enormous methamphetamine operation.  He was held responsible for 2,000 pounds (907.2 kilograms) of methamphetamine.

In a motion filed on August 22, 2024, Acuna seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), raising many of the same arguments rejected by this court in his previous compassionate release motions.  Because Acuna does not establish "extraordinary and compelling reasons" justifying his early release or that the 18 U.S.C. § 3553 factors weigh in favor of his release, the court denies his motion.

**II.      BACKGROUND.**

Acuna was charged with having conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers (Count 1), and having conspired to commit money laundering (Count 3).  Counts 2 and 4 sought criminal forfeiture of the proceeds and property derived from the alleged conspiracies.  *See* ECF No. 264 (First Superseding Indictment).

On September 2 and 3, 2008, a jury found Acuna guilty of Counts 1 and 3, and found him subject to criminal forfeiture of $8 million, property in Nevada, and money held in various bank accounts.  *See* ECF Nos. 370 (Verdict finding Acuna guilty of Counts 1 and 3), 386 (Special Verdict Form regarding forfeiture of property).

In January 2009, this court sentenced Acuna with respect to Count 1 to 384 months in prison and five years of supervised release.  With respect to Count 3, this court sentenced Acuna to 240 months in prison and three years of supervised release.  The terms are being served concurrently. *See* ECF Nos. 439 (Minute Order re Sentencing Hearing), 449 (Amended Judgment in a Criminal Case).  Acuna is currently incarcerated at Memphis FCI and has a projected release date of May 2, 2034, taking good time credit into account.  *See*

https://www.bop.gov/inmateloc/ (input Register No. 37033-048) (last visted November 6, 2024).

Acuna was found responsible for a huge quantity of methamphetamine (2000 pounds or 907.2 kilograms). *See* Presentence Investigation Report at 27 (Jan. 14, 2009); Transcript of Proceedings-Sentencing, ECF No. 574, PageID # 5650 (Adopting the Presentence Investigation Report). Applying the 2008 U.S. Sentencing Commission Guidelines Manual ("U.S.S.G."), this court determined that Acuna had a base offense level of 38 under U.S.S.G § 2D1.1(c)(1), which addresses offenses involving 15 kilograms or more of methamphetamine. Pursuant to U.S.S.G § 2D1.1(b)(1), 2 offense levels were added because Acuna possessed a dangerous weapon. Pursuant to U.S.S.G § 3B1.1(a), 4 offense levels were added because Acuna was a leader or supervisor of an extensive criminal organization. Pursuant to U.S.S.G § 3C1.1, 2 offense levels were added because Acuna willfully obstructed or impeded the administration of justice. This gave Acuna an adjusted offense level of 46 (38 + 2 + 4 + 2). With no downward adjustments to his offense level, his total offense level was 46.

Acuna had 1 criminal history point arising out of a 1998 conviction for malicious destruction of public property. This placed him in Criminal History Category I.

3

A total offense level of 46 and a criminal history category of I placed Acuna in the guideline range of imprisonment for life. The court sentenced Acuna to a below-guideline term of 384 months imprisonment for his drug crime and a concurrent term of 240 months imprisonment for his money laundering crime. *See* ECF No. 574, PageID # 5669; ECF No. 444.

In December 2010, the Ninth Circuit affirmed Acuna's conviction and sentence. *See* ECF No. 636. In February 2012, Acuna moved to vacate his sentence under 28 U.S.C. § 2255. *See* ECF No. 651. In May 2012, this court denied that motion. *See* ECF No. 675. In January 2013, the Ninth Circuit denied Acuna's request for a certificate of appealability. See ECF No. 703.

In April 2016, Acuna moved for a more "fair and just sentence" under the *Holloway* Doctrine. *See* ECF No. 715. On July 8, 2016, that motion was denied. *See* ECF No. 726.

On March 9, 2020, Acuna filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. 750. That motion was denied on June 2, 2020. *See* ECF No. 758.

On November 8, 2021, Acuna filed a second motion for compassionate release. *See* ECF No. 780. That second motion was denied on January 25, 2022. *See* ECF No. 790.

On April 9, 2024, Acuna filed a third motion for compassionate release. See ECF No. 791. That third motion was denied on June 4, 2024. See ECF No. 798.

On August 22, 2024, Acuna filed his fourth motion for compassionate release. See ECF No. 799. The court now denies that motion.

Acuna's fourth compassionate release motion raises numerous grounds, some of which this court rejected in earlier orders. The Government identifies four new grounds raised by Acuna, and this court, in a minute order at ECF No. 804, directed Acuna to inform this court of what, if any, additional "new" grounds had been raised over and above the four listed by the Government. Acuna has not clearly labeled any additional "new" ground, but it appears to this court that his fourth compassionate release motion seeks to expand or supplement some previously raised matters. This court does its best to address the full motion.

### III.    ANALYSIS.

Acuna's fourth compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of

5

>   imprisonment (and may impose a term of
>   probation or supervised release with or
>   without conditions that does not exceed the
>   unserved portion of the original term of
>   imprisonment), after considering the factors
>   set forth in section 3553(a) to the extent
>   that they are applicable, if it finds that--
>
>   (i) extraordinary and compelling reasons
>   warrant such a reduction . . . .
>
>   and that such a reduction is consistent with
>   applicable policy statements issued by the
>   Sentencing Commission.

In other words, before exercising its authority under § 3582(c)(1)(A), the court must determine that a defendant has exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request.

If a defendant satisfies the exhaustion requirement, then the court may exercise its discretion only after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements.  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented whether the requested reduction in sentence is warranted.  *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

"Although a district court must conclude that a defendant satisfies all three predicates before granting a motion

for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

The Government does not dispute that Acuna exhausted his prison remedies with respect to his fourth request for a reduction of sentence as required by 18 U.S.C. § 3582(c)(1)(A). *See* ECF Nos. 803 n.1, PageID # 7744 ("the United States will agree that Acuna has exhausted his administrative remedies"). The court therefore turns to the merits of his request.

### A.   Amendment 782 Does Not Justify Compassionate Release.

Acuna argues that Amendment 782 to the advisory sentencing guidelines, which amended the drug amounts triggering various base offense levels, should cause a two-level reduction in his base offense level. *See* ECF No. 799, PageID # 7711. Amendment 782 became effective after Acuna's 2009 sentencing and has retroactive effect.  However, the commentary to Amendment 782 notes that "the Drug Quantity Table as amended still provides a base offense level of 38 for offenders who traffic the greatest quantities of most drug types and, therefore, sentences for these offenders will not be reduced." https://www.ussc.gov/guidelines/amendment/782#:~:text=In%20additi on%2C%20the%20Drug%20Quantity,offenders%20will%20not%20be%20reduc ed (last visited November 5, 2024).  Because Acuna was responsible for 907.2 kilograms of methamphetamine, his base

7

offense level would remain at 38 if he were sentenced today. That base offense level applies to crimes involving 45 kilograms or more of methamphetamine (triple the 15 kilograms cited in the 2008 version of U.S.S.G. § 2D1.1(c)(1), but still about 5 percent of the 907.2 kilograms in issue here). His total offense level would remain at 46 because the enhancements to his offense level were not affected by Amendment 782.

This court previously explained this to Acuna in its 2016 order: "Amendment 782 to the Sentencing Guidelines, which lowered the Base Offense Levels by 2 levels for many defendants charged with drug crimes, does not help Acuna . . . . Given the massive quantity of methamphetamine [he was] responsible for, [his] Total Offense Level remains at Level 46." ECF No. 726, PageID #s 7158-59. The court now repeats that Amendment 782 does not provide Acuna with an extraordinary and compelling reason warranting a reduction in his sentence.

### B. Consideration of a "Methamphetamine Mixture" Does Not Justify Compassionate Release.

Acuna argues that, if sentenced today, his base offense level (and therefore his total offense level) would be reduced by 4 levels because sentencing would be based on "methamphetamine mixture," not a pure or actual methamphetamine. *See* ECF No. 799, PageID # 7714. Acuna does not explain how he calculates this 4-level reduction, and the Government says it is unaware of what guideline amendment Acuna might be relying on.

8

He appears to assume, without citation, that the 907.2 kilograms of methamphetamine he was held accountable for was treated as pure (or "actual") methamphetamine. Although Acuna's sentencing for Count 1 involved a mandatory minimum triggered by proof beyond a reasonable doubt that he was responsible for 50 grams or more of pure (or "actual") methamphetamine, the guideline calculation for the full 907.2 kilograms appears to have been based on generic methamphetamine (which Acuna calls "methamphetamine mixtures"). The court says this because the PSR does not list the purity of the full 907.2 kilograms.

Indeed, even today, Acuna would remain at base offense level 38 and total offense level 46, provided that at sentencing at least 45 kilograms of generic methamphetamine were in issue. His guideline range would remain unchanged, and there is no extraordinary and compelling reason warranting a reduction in his sentence based on "methamphetamine mixtures."

      C.    **No Sentencing Disparity Justifies Compassionate Release.**

Acuna next argues that sentencing disparity with respect to other defendants with similar records and with his codefendants justifies a reduction in his sentence. This court disagrees.

Acuna argues that, when compared to other defendants in Criminal History Category I who were convicted of drug trafficking crimes, his sentence is much longer. According to

9

Table 28 of the 2023 Sourcebook of Federal Sentencing Statistics published by the United States Sentencing Commission, the average sentence for a drug trafficker in Criminal History Category I is 59 months.  *See* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/2023_Sourcebook.pdf (last visited November 6, 2024).  However, Acuna is not like an average drug distributor.

Acuna was a leader in a gigantic drug conspiracy.  He was responsible for 907.2 kilograms of methamphetamine, used a firearm in connection with his drug crime, and obstructed justice at his trial.  This meant he had a total offense level of 46 and a guideline range of life.  Acuna is comparing apples to oranges and fails to show how he is comparable to the average drug trafficker.

Acuna next argues that, when compared to his codefendants, his sentence demonstrates a huge disparity.  He was a leader of the drug conspiracy and responsible for more methamphetamine than his subordinates.  He attempted to obstruct justice by lying at his trial.  Acuna's wife, Anabel Valenzuela, another leader in the same conspiracy, received the same sentence.  *See* Amended Judgment, ECF No. 450 (stating that Anabel Valenzuela was sentenced to 384 months imprisonment for the drug conspiracy).

Acuna unpersuasively argues that, when compared to codefendants with smaller roles, his sentence demonstrates an unwarranted disparity. He points to Eddy Olguin, Joeann Tavares, Marlene Ogata, Ronald Shim, and Wayne Kila, noting that each of them received a much lower sentence. None of them is comparable to Acuna.

Eddy Olguin was sentenced to 276 months of imprisonment. *See* Judgment, ECF No. 499. At Olguin's sentencing, the court determined that he had a total offense level of 40 (compared to Acuna's total offense level of 46), which gave him a guideline range of 292 to 365 months (compared to Acuna's guideline range of life). In sentencing Olguin, the court noted that "he's clearly a step below Mr. Acuna." *See* Transcript of Proceeding, ECF No. 589, PageID # 5811.

Joeann Tavares was sentenced to 80 months of imprisonment. *See* ECF No. 606. Tavares did not go to trial and instead pled guilty pursuant to a plea agreement. *See* ECF Nos. 603 and 123. Tavares was responsible for 200 pounds of methamphetamine (compared to Acuna's 2000 pounds). *See* ECF No. 123, PageID # 543. Tavares had a total offense level of 33, a Criminal History Category of I, and a resulting guideline range of 125 to 168 months (compared to Acuna's Total Offense Level of 46 and guideline range of life). The Government filed a motion seeking a downward departure to a range of 87 to 108 months. The

11

Government asked for a sentence of 87 months.  *See* ECF No. 466-2, PageID # 2223.  She was not close to being as culpable as Acuna.

Marlene Ogata was sentenced to 210 months of imprisonment.  *See* ECF No. 593.  Ogata pled guilty and was held responsible for 50 pounds of methamphetamine (compared to Acuna's responsibility for 2000 pounds).  *See* ECF Nos. 618, PageID # 5973, and 285.  She had a total offense level of 35, a Criminal History Category of VI, and a resulting guideline range of 292 to 365 months (compared to Acuna's total offense level of 46 and guideline range of life).  The Government filed a motion seeking a downward departure to a range of 262 to 327 months.  *See* ECF No. 448-2, PageID # 2185.  Again, Ogata is easily distinguishable from Acuna.

Ronald Shim was sentenced to 120 months of imprisonment.  *See* ECF No. 426.  Shim pled guilty pursuant to a plea agreement, agreeing that he was responsible for 450 pounds of methamphetamine (compared to Acuna's 2000 pounds).  *See* ECF Nos. 94, PageID # 345, and 92.  Shim had a total offense level of 35, a Criminal History Category of I, and a resulting guideline range of 210 to 262 months (compared to Acuna's total offense level of 46 and guideline range of life).  The Government filed a motion seeking a downward departure to a range of 151 to 188 months.  *See* ECF No. 416-2, PageID #s 2048-49.  At Acuna's sentencing, the Government distinguished Shim from Acuna, noting

12

that Shim was only a packager and shipper.  *See* ECF No. 574, PageID # 5658.

Wayne Kila was sentenced to 292 months of imprisonment. *See* ECF No. 507.  Kila pled guilty pursuant to a plea agreement, agreeing that he was responsible for 450 pounds of methamphetamine (compared to Acuna's 2000 pounds).  *See* ECF Nos. 306 and 295, PageID # 1328.  Kila had a total offense level of 35, a Criminal History Category of VI, and a resulting guideline range of 292 to 365 months (compared to Acuna's total offense level of 46 and guideline range of life).  *See* ECF No. 433, PageID # 2106.

Acuna fails to demonstrate that any unwarranted sentencing disparity is an extraordinary and compelling reason supporting a reduction of his sentence.

> **D. Acuna's Exercise of His Right to Go to Trial is Not an Extraordinary and Compelling reason Warranting a Reduction of His Sentence**.

Acuna argues that he should not be punished for having exercised his right to go to trial.  He says that, had he pled guilty, his total offense level would have been 5 levels less. That argument is unpersuasive, as it is not an extraordinary and compelling reason justifying a reduction of Acuna's sentence.

Acuna received an increase of 2 offense levels because he lied at trial, causing this court to apply U.S.S.G § 3C1.1 for willful obstruction or impediment of the administration of

13

justice.  Acuna had denied distributing drugs except for 10.5 grams of methamphetamine and had denied that he was involved in laundering drug proceeds.  The jury necessarily rejected Acuna's assertions in rendering its verdict.  The addition of 2 offense levels based on Acuna's choice to lie at trial is not an extraordinary and compelling reason for purposes of this motion.

Pursuant to U.S.S.G. § 3E1.1, had Acuna not gone to trial, he might have been eligible for a reduction of 3 offense levels for having accepted responsibility and for assisting authorities in the investigation or prosecution of himself. Having decided to go to trial, he did not receive this 3-level reduction.  This is not an extraordinary and compelling reason for purposes of this motion.  *See United States v. Clausen*, 2020 WL 4260795, at *7 n.8 (E.D. Pa. July 24, 2020) ("The Court is aware of no authority . . . that recognizes the trial penalty as an extraordinary and compelling reason to reduce a defendant's sentence").

> **E.    The *Holloway* Doctrine is Not an Extraordinary and Compelling reason Warranting a Reduction of Acuna's Sentence.**

This court has already rejected Acuna's attempt to apply the *Holloway* Doctrine to reduce his sentence.  *See* ECF No. 726.  In its earlier rejection, this court noted that application of the *Holloway* Doctrine requires Government consent.  The Government continues to oppose a reduction in Acuna's sentence.

14

For the reasons stated in the court's earlier order, the *Holloway* Doctrine does not support Acuna's early release.

### F. Acuna's Immigration Status is Not an Extraordinary and Compelling reason Warranting a Reduction of Acuna's Sentence.

Acuna argues that, as a deportable alien, his immigration status subjects him to more stringent confinement conditions because he is ineligible for certain rehabilitative programs and early release opportunities, additionally facing the potential of a long immigration detainer following completion of the prison sentence imposed in this case. *See United States v. Nawaz*, 2020 WL 7773478, at *3 (S.D.N.Y. Dec. 30, 2020) ("Courts, both in this District and elsewhere, have not found that an ICE detainer, without additional preexisting, high-risk health conditions, constitutes an extraordinary and compelling reason for release."). Every criminal with an immigration detainer or status as a deportable alien faces similar conditions. It is therefore hard to see why immigration status, by itself, qualifies as an extraordinary or compelling reason justifying compassionate release.

### G. Acuna's Rehabilitation is Not an Extraordinary and Compelling reason Warranting a Reduction of Acuna's Sentence.

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Accordingly, the applicable policy statement provides,

15

> Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. 1B1.13(d). Although Acuna has demonstrated some rehabilitation through his recent behavior in prison and educational courses, that rehabilitation, by itself, is insufficient to demonstrate an extraordinary and compelling reason warranting compassionate release.

### H. Acuna's Family Circumstances Are Not an Extraordinary and Compelling reason Warranting a Reduction of Acuna's Sentence.

Under U.S.S.G. § 1B1.13(b)(3)(A), "Family Circumstances" may amount to an "extraordinary and compelling reason" to reduce a sentence when there has been "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." While Acuna's children have certainly been deprived of their long-incarcerated mother and father, he does not show that they lack an appropriate caregiver.

16

> **I.   The Combination of All Factors is Not an Extraordinary and Compelling reason Warranting a Reduction of Acuna's Sentence.**

Acuna argues that the combination of all of the above circumstances, including his rehabilitation, justifies his early release under the "other reason" catchall in U.S.S.G. § 1B1.13(b)(5).  The court disagrees.  The court commends Acuna for his efforts to chart a new path while in prison, but concludes that, even combining his rehabilitation with other factors discussed above, Acuna fails to show "extraordinary and compelling reasons" justifying a reduction of his sentence.

> **J.   The § 3553 Factors Do Not Support Acuna's Early Release.**

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a).  These factors do not weigh in favor of Acuna's compassionate release request.  Acuna has availed himself of educational opportunities at his prison facility and says he has demonstrated good conduct while incarcerated.  There is no question that his incarceration has had an effect on his children.  Still, he has only served a little more than half of the sentence that this court determined was appropriate to reflect the seriousness of his conduct, promote respect for the law, punish him, deter criminal conduct, and protect the public.  On balance, the § 3553 factors do not support his early release.

17

**IV.     CONCLUSION.**

Acuna's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2024.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Acuna v. United States, CRIM. NO. 07-00615 SOM; ORDER DENYING MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)